**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>HOWARD HOLZMACHER, Jr., and NORTH LANDING FIREWOOD & HAULING, INC.,<br><br>*Defendants*. | Civil Action No. 2:25-cv-00034-EWH-LRL |

**MEMORANDUM IN SUPPORT OF UNOPPOSED MOTION FOR AN ADDITIONAL 120-DAY ABEYANCE AND STATUS REPORT**

The United States respectfully moves the Court to hold this matter in abeyance for an additional 120 days, to and including March 11, 2027, to allow the United States time to consider ongoing administrative proceedings. Defendants Howard Holzmacher, Jr., and North Landing Firewood & Hauling, Inc., do not oppose this motion. The grounds for the motion and the status of the administrative proceedings are set forth below:

1. This is a civil action against Defendants under Section 309 of the Clean Water Act. 33 U.S.C. § 1319. The United States alleges that Defendants discharged and are continuing to discharge pollutants to waters of the United States in violation of Section 301 of the Clean Water Act, 33 U.S.C. § 1311.

2. On March 12, 2025, the United States Environmental Protection Agency (EPA) and the United States Army Corps of Engineers (the Corps) (collectively, the Agencies) issued a memorandum providing new guidance concerning the implementation of the "continuous surface connection" requirement for adjacent wetlands under the definition of "waters of the United

States." *See* ECF No. 16-1. In the same memorandum, the Agencies announced that a notice will be published in the Federal Register to establish a rulemaking docket and to gather recommendations to assist the Agencies in further clarifying the definition of "waters of the United States." *Id.* at 5-6.

3. On March 24, 2025, the notice appeared in the Federal Register. 90 Fed. Reg. 13428 (Mar. 24, 2025), ECF No. 16-2. The notice states that the Agencies will hold a series of at least six listening sessions to seek input on the scope of "continuous surface connection" among other issues. *Id.* at 13430-31. The Agencies accepted written comments from the public through the docket through April 23, 2025. *Id.* at 13430. In doing so, the Agencies "will seek to provide clear and transparent direction regarding the definition [of 'waters of the United States'] and will prioritize practical implementation approaches, provide for durability and stability, as well as for more effective and efficient jurisdictional determinations, permitting actions, and other actions consistent with relevant decisions of the Supreme Court." *Id.*

4. On November 17, 2025, the Agencies announced a proposed rule clarifying the definition of "waters of the United States." The proposed rule was published in the Federal Register on November 20, 2025, and was open for a 45-day public comment period that closed on January 5, 2026. See https://www.epa.gov/wotus.

5. On September 4, 2026, the Agencies announced a supplemental notice of proposed rulemaking to clarify the definition of "waters of the United States" that was published in the Federal Register on September 9, 2026. The 30-day public comment period for the supplemental notice closed on October 9, 2026. No final rule has been published. *See id.*

6. Based on these developments the United States moved the Court to hold this case in abeyance while the Agencies' stakeholder input process moved forward.

7. This Court placed the case in abeyance to and including January 13, 2026. ECF No. 34. The Court simultaneously ordered the United States to "file a status report providing an update proposing further proceedings, as appropriate." *Id.*

8. At the United States' request the Court continued the abeyance until November 11, 2026. ECF No. 42.

9. To preserve the Parties' and the Court's resources while the Agencies evaluate to what extent, if at all, the positions taken in this litigation may be affected by the Agencies' ongoing administrative processes and while the Parties discuss a potential settlement, the United States requests that the Court continue to hold this case in abeyance for a period of 120 days, to and including March 11, 2027.

10. The Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In exercising its authority, the court must "weigh competing interests and maintain an even balance." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). This weighing requires the Court to "consider '(1) the length of the requested stay; (2) the hardship or inequity that the movant would face in going forward with the litigation; (3) the injury that a stay would inflict upon the non-movant; and (4) whether a stay would simplify issues and promote judicial economy.'" *United States for Use of Precision Air Condition of Brevard, Inc. v. Cincinnati Ins. Co.*, 533 F. Supp. 3d 290 (E.D. Va. 2021) (quoting *Rajput v. Synchrony*, 221 F. Supp. 3d 607, 609-10 (M.D. Pa. 2016)).

11. The requested 120-day abeyance is of a limited duration, will not prejudice any of the Parties, and could simplify the issues before the Court and promote judicial economy. Good cause thus exists for the requested abeyance.

12. Counsel for the United States has conferred with counsel for Defendants. Defendants do not oppose our motion.

13. For the foregoing reasons, we respectfully request that the Court hold this case in abeyance for an additional 120 days, to and including March 11, 2027, and direct the United States to file a status report at the conclusion of the abeyance to provide an update on the ongoing administrative proceedings and to propose further proceedings, as appropriate. A proposed order accompanies our motion.

Dated: November 6, 2026

Respectfully submitted,

FOR THE UNITED STATES OF AMERICA

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division
United States Department of Justice

THEOPHANI K. STAMOS
First Assistant United States Attorney

*/s/Laura J. Brown*
Laura J. Brown, PA Bar 208171
Senior Attorney
Energy & Natural Resources Division
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044-7611
Tel: (202) 305-5314
laura.j.s.brown@usdoj.gov

*/s/ Kent P. Porter*
Kent P. Porter, VSB No. 22853
Supervisory Assistant U.S. Attorney
Office of the United States Attorney
Eastern District of Virginia
101 W. Main Street, Suite 8000
Norfolk, Va. 23510-1671
Tel: (757) 441-6331
Fax: (757) 441-6689
kent.porter@usdoj.gov

*Attorneys for the United States of America*